## FIRST DEPARTMENT, FEBRUARY, 1922.

FREDERIC CULVER, Appellant, v. EDGERTON PARSONS and HERBERT F. EGGERT,
Respondents.

*Partnership — accounting — stipulation as to value of office furniture dispensed with
— necessity for proof.*

Appeal by plaintiff from parts of a judgment of the Supreme Court, entered
in the New York county clerk's office on January 30, 1920, confirming the report
of a referee in an action upon a partnership accounting.

PER CURIAM: The office furniture which was taken by the defendants was
charged to the defendants at $600. It was carried upon the books of the partnership
at cost and was thereafter charged off to profit and loss and an entry made on the
books of the firm in liquidation on November 1, 1916, charging the furniture and
stationery together as an asset in the sum of $600. This was after the termination
of the partnership. The cost of the furniture was $4,908.77. Upon the trial
before the referee the defendants' counsel stated: " On the little matter of the
office furniture I am willing to put it in either by direct payment of one-third
of the amount to Mr. Culver, or by having you include the whole amount at cost.
We agreed to pay that and we propose to pay it. We do not care whether we pay
it as a part of the accounting, or whether we pay it as the performance of a collateral
contract." After this statement the plaintiff might well have refrained from
offering evidence upon the actual value and this statement should be deemed to
be a stipulation as to the amount which should be charged for the office furniture.
In the other matters of which complaint is made we agree with the conclusions
reached by the learned referee and afterwards approved by the court at Special
Term. The judgment should be modified accordingly, and as so modified affirmed,
without costs to either party. Present — Clarke, P. J., Dowling, Smith, Page and
Greenbaum, JJ. Judgment modified as directed in opinion and as so modified
affirmed, without costs. Settle order on notice.